IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 5:12-CR-0007-C |
| | § | ECF |
| TERRANCE ESSIX | § | |
| a/k/a "Easy" | § | |

GOVERNMENT'S MOTION IN LIMINE
AND BRIEF IN SUPPORT

The United States of America (the "Government") requests that the Court instruct

the defendant, the defendant's attorney, and any defense witnesses as follows:

1.      In the presence of the jury panel at voir dire or before the jury at trial, the

defendant, the defendant's attorney, and any defense witnesses are not to mention or in

any manner allude to or elicit evidence or statements regarding any specific instance of

conduct of a witness for the purpose of attacking or supporting the credibility of a

witness, including, without limitation; (a) any conviction of a witness or any arrest that

did not result in conviction, and (b) any "other crimes, wrongs, or acts" of a witness, as

such terms are defined under Rule 404(b) of the Federal Rules of Evidence, unless and

until, out of the presence of the jury, the Court in its discretion; (a) determines such

conduct to be probative of truthfulness or untruthfulness as provided in Rule 608 of the

Federal Rules of Evidence, admissible under Rule 609 of the Federal Rules of Evidence

(impeachment by conviction of crime), or admissible under Rule 404(b) of the Federal Rules of Evidence, and (b) determines that the probative value of the conduct is not substantially outweighed by its prejudicial effect.

2.     In the presence of the jury panel at voir dire or before the jury at trial, the defendant, the defendant's attorney, and any defense witnesses are not to mention or in any manner allude to or elicit evidence or statements regarding any discovery matters, including, without limitation, any complaint or allegation that the defense has received inadequate discovery or insufficient time to prepare its case.

3.     In the presence of the jury panel at voir dire or before the jury at trial, the defendant, the defendant's attorney and any defense witnesses are not to mention or in any manner allude to or elicit evidence or statements regarding the fact that the Defendant was not invited or allowed to testify or present evidence before the grand jury.

4.     In the presence of the jury panel at voir dire or before the jury at trial, the defendant, the defendant's attorney and any defense witnesses are not to mention or in any manner allude to or elicit evidence or statements regarding the filing of any pretrial motions or pleadings by the United States, except the indictment.

5.     In the presence of the jury panel at voir dire or before the jury at trial, the defendant, the defendant's attorney and any defense witnesses are not to mention or in any manner allude to or elicit evidence or statements regarding any assertion that the defendant is being selectively prosecuted.

6.      In the presence of the jury panel at voir dire or before the jury at trial, the defendant, the defendant's attorney and any defense witnesses are not to mention or in any manner allude to or elicit evidence or statements regarding any assertion that, if convicted of the crime charged, the defendant will be imprisoned.

7.      In the presence of the jury panel at voir dire or before the jury at trial, the defendant, the defendant's attorney and any defense witnesses are not to mention or in any manner allude to or elicit evidence or statements regarding the fact that the Defendant was offered a plea bargain in this case or regarding any discussions between the prosecution and defense concerning a possible plea or other resolution of the pending criminal charges.

8.      In the presence of the jury panel at voir dire or before the jury at trial, the defendant, the defendant's attorney and any defense witnesses are not to mention or in any manner allude to or elicit evidence or statements which would tend to impugn or comment negatively on the character of any prosecutor associated with this case.

9.      In the presence of the jury panel at voir dire or before the jury at trial, the defendant, the defendant's attorney, and any defense witnesses are not to mention or in any manner allude to or elicit evidence or statements regarding any suppression issues, including, without limitation, any complaint or allegation that the Government's evidence was obtained in violation of the Defendant's constitutional rights.

## Arguments and Authorities

1. __Specific Instances Of A Witnesses' Conduct.__  The right to introduce evidence of specific instances of a witness' conduct is not an unfettered right.  Certain limitations are set forth under the Federal Rules of Evidence.  *See* FED. R. EVID. 608(b). Rule 608(b) provides that specific instances of conduct are admissible only when such evidence is "probative of truthfulness or untruthfulness."  It also provides that specific instances of conduct: (a) "may not be proved by extrinsic evidence;" and (b) can be excluded "in the discretion of the court."

While Rule 608 does not govern the admissibility of criminal convictions, these specific instances of conduct are, likewise, not automatically admissible.  Rule 609 provides that a conviction for a crime can be admitted only if such conviction meets certain defined criteria.

"Other crimes, wrongs, or acts," as defined under Rule 404(b), are other types of specific instances of conduct which cannot be introduced without meeting certain defined criteria.  Specifically, "other crimes, wrongs, or acts" are admissible only to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Even if specific instances of a witness' conduct are admissible under Rules 608(b), 609, or 404(b), such evidence can be excluded from the jury's consideration under Rule 403 of the Federal Rules of Evidence.  Rule 403 states that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

2.    **Discovery Matters.**  References to discovery matters and, in particular, to complaints or allegations that the defense has received inadequate discovery or insufficient time to prepare its case, are wholly inappropriate in the presence of the jury.  These are matters solely within the province of the Court, not the jury, and are matters upon which the Court has already ruled.  Accordingly, no references to such matters should occur in the presence of the jury.

3.    **Defendant Not Allowed to Testify at Grand Jury.**  Although the defendant did not request to appear before the grand jury, evidence relating to the fact that he was not invited or allowed to testify or present evidence before the Grand Jury is immaterial and irrelevant.

4.    **The Government's Pretrial Motions and Pleadings.**  The Government's pretrial motions and pleadings relate to matters which are to be resolved by the Court, not the jury.  Accordingly, any such documents would be immaterial and irrelevant to the issues before the jury.

5.      **Selective Prosecution of the Defendant.**  These matters are immaterial and irrelevant to this case.  Further, the United States has not selectively prosecuted the defendant.

6.      **Commenting on the Possibility of Imprisonment.**  Punishment is solely within the province of the Court.  Any attempt to state or infer that the defendant might, would, or could be imprisoned if convicted would be an attempt to create sympathy with the jury.  Further, these matters are immaterial and irrelevant.

7.      **Plea Bargains.**  These matters are immaterial and irrelevant to this case. *See* FED. R. EVID. 410.

8.      **Attempts to Impugn The Character of Any Prosecutor.**  The character of any prosecutor or defense attorney is not an issue in this case.  Accordingly, any attempt to impugn the character of any prosecutor should be disallowed.

9.      **Suppression Issues.**  Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure requires a party to file a motion to suppress evidence before trial.  Accordingly, any suppression issues in this case will have been raised—and decided—before trial and should not be re-litigated during trial.

The Government respectfully requests that the Court instruct the defendant, the defendant's attorney, and any defense witnesses not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, any of the matters set out in this motion without first obtaining permission from the Court

outside the presence and hearing of the jury.  The Government further requests the Court

to instruct the defendant and the defendant's attorney to warn and caution each and every

one of the defense witnesses to strictly follow these instructions.

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY


/s/ *Justin Cunningham*
JUSTIN CUNNINGHAM
Assistant United States Attorney
Texas State Bar No. 24045260
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:   806.472.7351
Facsimile:   806.472.7394
E-Mail:      Justin.Cunningham@usdoj.gov


## CERTIFICATE OF CONFERENCE

I, Justin Cunningham, hereby certify that in accordance with Local Rule 47.1 of

the Local Criminal Rules of the Northern District of Texas I have conferred with counsel

for Defendant to determine whether this motion is opposed.  Defendant's counsel does not

oppose this motion.

/s/ *Justin Cunningham*
JUSTIN CUNNINGHAM
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I, Justin Cunningham, Assistant United States Attorney, do hereby certify that a

true and correct copy of the foregoing was served on Laurie Key, by electronic filing.

/s/ *Justin Cunningham*
JUSTIN CUNNINGHAM
Assistant United States Attorney